UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVGENII TERENTEV (A-NUMBER: 240-295-872),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETNETION FACILITY,

Respondent.

Case No.  1:26-cv-2314-DC-JDP

ORDER

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  After I ordered respondent to answer the petition, respondent filed a motion to dismiss, and plaintiff filed an opposition thereto.  *See* ECF Nos. 4, 5, and 7.  Plaintiff's opposition, however, was filed by a "next friend."  *See* ECF No. 7 at 1 ("Filed by Next Friend on behalf Petitioner") and 5 (next friend statement).

Upon further review, petitioner's petition was also filed by a next friend; while the first page of the petition did not indicate the filing status, the final page contains a next friend statement.  *See* ECF No. 1 at 9.  Both the petition and opposition were filed by petitioner's spouse, Kamila Sopova.  *See id*.; ECF No. 7 at 5.

A habeas petition must be filed by the petitioner themselves, by an attorney, or by a "next friend."  *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed

1

and verified by the person for whose relief it is intended or by someone acting in his behalf."). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coal. of Clergy, Laws., and Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002). Additionally, an individual filing a habeas petition as a next friend of an individual in custody cannot appear without counsel. Individuals appearing pro se "have no authority to represent anyone other than themselves." *See Cheema v. Warden*, No. 1:26-cv-0203-DC-DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) and *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)).

Here, Sopova has not satisfied the standing requirements to be considered a "next friend" because she is appearing pro se. *See* ECF No. 1 at 9. Because Sopova is unable to represent petitioner by herself, the petition must be dismissed with leave to amend. *See Cheema*, 2026 WL 124841, at *2

Moreover, in light of Sopova's allegation that petitioner "is unable to access the Court or adequately pursue this petition on his own," I find that the interests of justice require the appointment of counsel. *See* ECF No. 1 at 9; 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, it is hereby ORDERED that:

1. The petition for writ of habeas corpus, ECF No. 1, is DISMISSED without prejudice to refiling.

2. The Clerk of Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the Federal Defender, Attention: Habeas Appointment.

3. Within seven days of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to ncannarozzi@caed.uscourts.gov, and counsel will be added as counsel for petitioner. If counsel

2

is not a member of the Eastern District of California Criminal Justice Act Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro hac vice.*

4. Within fourteen days of petitioner's counsel appearing, petitioner shall file an amended petition.

5. Within seven days after the amended petition is served, respondent must file a response to the amended petition.

6. A response may be one of the following:

A.    An answer addressing the merits of the amended petition.  Any argument by respondent that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.

B.    A motion to dismiss the amended petition.

7. Within seven days after the amended petition is served, respondent must file any documents necessary for resolving the issues presented in the amended petition.

8. If respondent files an answer to the amended petition, petitioner may file a traverse within seven days after the answer is served.  If no traverse is filed within seven days, the amended petition and answer will be deemed submitted.

9. If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within seven days after the motion is served.  Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served.  The motion to dismiss will be considered submitted twenty-one days after the motion is served or when the reply is filed, whichever comes first.  *See* Local Rule 230(l).

IT IS SO ORDERED.

Dated:    April 27, 2026                            _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3